White, J.
I dissent from the judgment in this case. In my opinion the mortgagees were entitled, on demand, to the possession of the mortgaged property.
The act regulating the mode of administering assignments does not undertake to invest the assignee with property which did not belong to the assignor. The act does not enlarge the power of the assignor over property beyond what it was before the act was passed, but merely prescribes the mode in which the property assigned is to be administered for the benefit of creditors. That the assignee only has the right of possession to the “ property, money, rights or credits belonging to the assignor at the time of the assignment ” is apparent from section 2 of the act. True, it was held in Hanes v. Tiffany, 25 Ohio St. 549, that a mortgage void as to creditors is also void as against the assignee for the benefit of creditors. This was on the ground that as between a mortgagee claiming under a mortgage void as to creditors, and an assignee for the benefit of creditors, the property was to be regarded as belonging to the assignor at the time of the assignment. It is said in that case that the rights of creditors may be as effectually asserted through the assignee as they could be by judgment and execution in case there had been no assignment. Rut it is plain that as against the levy of a creditor, a mortgagee claiming under a valid prior mortgage, is entitled to the possession of the mortgaged property. The effect of the present ruling is, that the assignee for the benefit of creditors acquires greater rights as against the mortgagee than were possessed by the assignor or could be acquired by the creditors. The statute, in my judgment, warrants no such conclusion.
The mortgagee is, of course, liable to account to the assignor for the surplus, if any, after the payment of the debt secured by the mortgage; but that liability does not affect his right to recover the property under his mortgage. This is the rule in assignments in bankruptcy, and, also, where administration is *17 granted1 on tbe estate of tbe mortgagor, and I can see no reason for giving to our assignment act a broader operation.
Tbe assignee stands in no better position, as against tbe mortgagee wbo lias tbe right to tbe possession of the mortgaged property, than be does as against a mortgagee who has possession in fact. Tbe effect of tbe decision, therefore, would seem to be to declare, that an assignee of tbe mortgagor may recover tbe possession of tbe mortgaged property from a mortgagee in possession, without tbe payment of tbe debt tbe mortgage was given to secure.
Tbe foregoing being, in my opinion, the only material ques-> tion, I express no opinion upon other matters discussed.